IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN RICHARD BASSETT, SR.,

        Petitioner,                         No. CIV S-07-2575 FCD GGH P

    vs.

DERRELL G. ADAMS, et al.,

        Respondents.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed December 3, 2007.  Petitioner challenges his 2002 conviction for incest and continuous counts of sexual abuse of a child under the age of 14 years.  Petitioner is serving a sentence of 16 years, 8 months.  The petition raises two claims: 1) petitioner's conviction violated the statute of limitations; and 2) petitioner was sentenced in violation of Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007).[1]

        Pending before the court is respondent's February 19, 2008, motion to dismiss on grounds that this action is barred by the statute of limitations.  For the following reasons, the

---

[1] At one point in the petition, petitioner states that he is not pursuing his Cunningham claim.  However, it is clear from his opposition to the pending motion that he is.

1

court recommends that respondent's motion be granted.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was sentenced on October 2, 2002. Respondent's Lodged Document no. 1. Since petitioner did not appeal, his conviction became final 60 days later on December 6, 2002. See Cal. R. Ct. 8.308(a) (formerly Cal. R. Ct. 30.1). Unless one of the infrequently used trigger dates for the commencement of the limitations date is applicable, petitioner had one year from that day to file a timely federal petition.

In his opposition, petitioner argues that a later trigger date for the statute of limitations applies because his claims arise under Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007). However, Cunningham has not been made retroactively applicable by the United States Supreme Court.[2] Therefore, the limitations period does not run from the date

---

[2] Petitioner may also argue that his sentencing claim is made pursuant to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). The Supreme Court has not made either of these cases retroactively applicable. Therefore, these cases would also not result in a later trigger date for the statute of

Cunningham was decided.  See 28 U.S.C. § 2244(d)(1)(D).  The instant petition, filed December 3, 2007, is not timely unless petitioner is entitled to statutory or equitable tolling.[3]

28 U.S.C. § 2254(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Petitioner filed 9 pro se state post-conviction collateral challenges:

1. September 5, 2003: habeas petition filed in Butte County Superior Court (respondent's lodged document no. 2).  This petition was denied on September 18, 2003 (Id., no. 3).

2. February 1, 2005: habeas petition filed in Butte County Superior Court (Id., no. 4).  This petition was denied on March 15, 2005.  See Id., no. 5.

3. May 23, 2005: habeas petition filed in Butte County Superior Court (Id., no. 5). This petition was denied on May 25, 2005.  Id., no. 6.

4. June 27, 2005: habeas petition filed in Butte County Superior Court (Id., no. 7).  This petition was denied on June 27, 2005.  Id., no. 8.

5. July 11, 2005: habeas petition filed in California Court of Appeal (Id., no. 9).  This petition was denied on July 14, 2005.  Id., no. 10.

6. August 28, 2006: habeas petition filed in Butte County Superior Court (Id., no. 11).  This petition was denied on September 1, 2006.  Id., no. 12.

7. November 13, 2006: habeas petition filed in California Court of Appeal (Id., no. 13).  This petition was denied on November 16, 2006.  Id., no. 14.

8. February 13, 2007: habeas petition filed in California Supreme Court (Id., no. 15). This petition was denied on July 11, 2007.  Id., no. 16.

9. March 21, 2007: habeas petition filed in Butte County Superior Court (Id., no. 17).  This petition was denied on March 28, 2007.  Id., no. 18.

AEDPA's one-year limitation period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

---

limitations.

[3] Clearly, the statute of limitations claim is governed by the AEDPA one year period.

3

1  pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is "pending"
2  until it has achieved final resolution through the state's post-conviction procedures. Carey v.
3  Saffold, 536 U.S. 214, 220, 122 S.Ct. 2134 (2002). In Nino v. Galaza, 183 F.3d 1003, 1006 (9th
4  Cir. 1999), the Ninth Circuit held that the "statute of limitations is tolled from the time the first
5  state habeas petition is filed until the California Supreme Court rejects the petitioner's final
6  collateral challenge."

7         In Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846 (2006), the Supreme Court held
8  that only a timely petition may statutorily toll the AEDPA's statute of limitations during gaps
9  between state court filings and that "unreasonable delays" will render a state petition untimely
10 even if the state court does not expressly find that a petition was out of time. 546 U.S. at 198-
11 200, 126 S.Ct. at 852-854. In Chavis, the Supreme Court held that a six month delay between
12 state court filings was unreasonable and therefore could not be counted as time during which the
13 petitioner had an appeal "pending" pursuant to § 2244(d)(2). 546 U.S. at 201, 126 S.Ct. at 854.

14        Respondent does not argue that the first state petition was improperly filed.
15 Therefore, petitioner is entitled to statutory tolling from September 5, 2003, to September 18,
16 2003.

17        Respondent argues that petitioner is not entitled to statutory tolling for the second
18 state petition because of the approximately 16 month delay between the filing of this petition
19 from when the first petition was denied. The court now addresses that argument.

20        In the instant case, respondent was unable to locate a copy of the ruling on the
21 second habeas petition filed in state court. However, petitioner's third petition indicates that it
22 was denied on March 15, 2005. Respondent's Lodged Document no. 5. Even if the second state
23 petition was denied on the merits, it is still untimely pursuant to Evans v. Chavis. Petitioner filed
24 this second petition over 16 months after his first petition was denied. This unexplained delay is
25 more than the six month gap found untimely in Evans v. Chavis. See also Gaston v. Palmer, 447
26 F.3d 1165, 1167 (9th Cir. 2006) (holding that delays of 18, 15 and 10 months were

unreasonable).  Accordingly, petitioner is not entitled to statutory tolling for the delay between the filing of the first and second state petitions.  For this reason, petitioner is not entitled to tolling for the time any of the later state petitions were pending as well.

Adding the 14 days that the first state petition was pending to December 6, 2003, i.e. the date the statute of limitations ran without statutory tolling, would make the federal petition due December 20, 2003.  The instant petition is still not timely.

The court now considers whether petitioner is entitled to equitable tolling.  The one year statute of limitations for filing a habeas petition may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The prisoner must show that the "extraordinary circumstances" were the cause of his untimeliness.  Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003).  "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  Petitioner "bears the burden of showing that this extraordinary exclusion should apply to him."  Id.  Determining whether equitable tolling applies is a "fact-specific" inquiry.  Fry v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

Petitioner makes no specific argument in support of equitable tolling.  However, in his opposition petitioner states that he reads at a 4th grade level and is ignorant of the law.  Neither ignorance of the law nor illiteracy constitute extraordinary circumstances to warrant equitable tolling.  See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

Accordingly, IT IS HEREBY RECOMMENDED that respondent's February 19, 2008, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written

5

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: 05/15/08

7                             /s/ Gregory G. Hollows
8                             UNITED STATES MAGISTRATE JUDGE

10  bass2575.157